Anthony Clark Schwartz
Email: tonyschwartz.law@gmail.com
The Schwartz Law Firm
520 SW 6th Avenue, Suite 600
Portland, OR 97204
Tel: (503) 505 4674

**Attorney for Defendant**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 3:16-CR-00051-BR-03 |
| PLAINTIFF, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| JOSEPH O'SHAUGHNESSY, | |
| DEFENDANT. | |

Mr. O'Shaughnessy, through his lawyer, Anthony Clark Schwartz, submits this sentencing memorandum.

**1.   INTRODUCTION**

This Court is well aware of the facts surrounding this case and Mr. O'Shaughnessy's involvement given two lengthy trials and the evidence presented in those trials.   The presentence report sets forth the relevant facts regarding Mr. O'Shaughnessy, his background, and his lack of criminal history.

For the reasons that follow, Mr. O'Shaughnessy asks that this Court sentence him to "time served," with one year of supervised release, imposition of $7,000 restitution and the mandatory $100 assessment, and with particular conditions of release that are

Page 1  JOSEPH O'SHAUGHNESSY'S SENTENCNIG MEMORANDUM

different than those set forth in the PSR.

## 2. ADVISORY SENTENCING GUIDELINES

The plea agreement between the government and Mr. O'Shaughnessy anticipates a total offense level of 13, while his corresponding criminal history category is I, for a resulting sentencing range of 12-18 months BOP. He has no objection to the calculations set forth in the PSR.

### a. *Credit for Time Served*

Mr. O'Shaughnessy served 652 days in custody awaiting resolution of this case and the Nevada case (the USMS custody sheet is attached). Since the Nevada case has been dismissed upon motion of the government, most of the time he spent in custody is attributable to this case as this Court revoked his release on April 13, 2016. He spent about 41 days in custody under the Nevada hold only. Therefore, 611 days, or 20.3 months, should be considered as time served in this case. He has easily satisfied the 12 month low-end number.

### b. *One Year Supervised Release*

Mr. O'Shaughnessy asks that this Court sentence him to a one year term of supervised release. He acknowledges that the Court has not sentenced any other co-defendant to just one year of supervised release, but the Court has sentenced other co-defendants convicted of the same charge – Conspiracy to Impede – to a 2 year probationary term. For example, the Court sentenced Wesley Kjar to 2 years' probation and granted him the ability to move for early termination after 1 year of successful probation; the Court also sentenced Jason Blomgren, Geoffrey Stanek, Travis Cox, and Eric Flores to 2 years' probation.

While we fully understand every defendant's case is different than another's, Mr. O'Shaughnessy served 8 months longer in jail than the plea agreement called for, he has been totally compliant with all conditions of PTS as indicated in the PSR, and until the conviction in this case led a crime free life for his entire 44 years.   It would seem that a shorter release term would support the §3553 factors.

  c. *$7,000 restitution and $100 mandatory assessment*

Mr. O'Shaughnessy agreed to the negotiated $7,000 restitution amount already imposed by the Court.   The $100 assessment is mandatory.

  d. *Special Conditions*

Mr. O'Shaughnessy objects to the inclusion of Special Conditions 4, 5, and 13 in the PSR.   They have no reasonable connection to the case or his background.

Special Condition #4 requires participation in mental health treatment.   However, paragraph 67 states that there is no information available to suggest that Mr. O'Shaughnessy suffers from any mental or emotional problems.   Mr. O'Shaughnessy does not need mental health treatment.

Special Condition #5 requires that he participate in educational services programing, which doesn't seem important for him as he earned his GED as well as other certificates as listed in paragraph 69.   He speaks fluent English and is fully functional intellectually.

Special Condition #13 requires participation in Reentry Court.   Mr. O'Shaughnessy does not have a drug or alcohol abuse issue, and this case does not involve drugs or alcohol.   Potential justification for this Special Condition listed in paragraph 68 seems remote as one event arises from 22 years ago, and the other 11

years ago.   Reentry Court is not needed here.

## 5.   CONCLUSION

We therefore ask that this Court sentence him to "time served" with one year of supervised release with all proposed conditions except for proposed Special Conditions 4, 5 and 13, the previously imposed $7,000 restitution amount and the $100 special assessment.   Finally, we ask that the Court transfer supervision of release to the District of Arizona where Mr. O'Shaughnessy lives with his mother.

DATED March 9, 2018

                                                  s/ Anthony Clark Schwartz
                                                  Anthony Clark Schwartz
                                                  Attorney for Defendant